UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CITIGROUP INC.,

        Plaintiff,

      v.

WACHOVIA CORPORATION  ET AL.

        Defendants.

-------------------------------------------------------------x

Case No. 08 Cv 8666

## NOTICE OF REMOVAL

    Defendant Wachovia Corporation and Defendant Wells Fargo & Co., by and through their attorneys, hereby removes the above-captioned matter bearing Index No. 602874/08, pursuant to 28 U.S.C. § 1446, and all applicable Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  In support of the removal, Defendants state as follows:

    1.     On Monday, October 6, 2008, two similar complaints were filed in the Supreme Court of the State of New York.  Each complaint is brought by Citigroup Inc. as plaintiff and each complaint names Wachovia Corporation, Wells Fargo & Co., and the same individuals as defendants.  The first complaint filed bears Index No. 602872/08; this complaint is the complaint which we believe represents the latest version of plaintiff's complaint.  The second complaint, which is the complaint specifically subject to this Notice of Removal and which was filed later the same day by Citigroup's counsel, bears Index No. 602874/08; while Wachovia believes this version of the complaint was

voluntarily dismissed by Citigroup after it was removed to this Court on October 4 and that it should not now be pending, since it was thereafter filed by plaintiff, Wachovia treats it for purpose of removal as if it were pending. Defendants believe that, to the extent that the second filed complaint may represent a pending action, these complaints together represent a single action initiated by plaintiff and that that single action is properly removable. However, because two different complaints were filed, and because there is uncertainty as to the purpose and significance of the filing of the Index Number 602874/08 complaint, Defendants are submitting two different Notices of Removal. As shown below the action represented by the New York Index Number 602874/08 complaint is independently removable, if it is a pending action, regardless of whether the action represented by the State Court Index Number 602872/08 complaint were pending.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.     The Complaint bearing Index Number 602874/08 alleges a cause of action under Section 126(c) of the Emergency Economic Stabilization Act of 2008 ("EESA").

4.     The other defendants named in the Complaint bearing Index Number 602874/08 have not been served.

5.     Removal is proper under 28 U.S.C. § 1441.

6.     Citigroup's complaint sets forth more than one claim. If any claim is outside of this Court's jurisdiction under § 1331, then as an alternative ground, this Court has supplemental jurisdiction under § 1367, since all the claims set forth in the Complaint are so related that they form part of the same case or controversy.

7.     A copy of all process, pleadings, and orders served upon Defendants is filed with this notice.

8.     A copy of this notice will be served on counsel for Plaintiff and filed with

the Clerk of the Court for the Supreme Court of the State of New York, New York

County.

Dated: New York, New York
       October 10, 2008

                                        Respectfully submitted,

                                        BOIES, SCHILLER & FLEXNER, LLP

                                        _David Boies_____
                                        David Boies
                                        Robert Silver
                                        333 Main Street
                                        Armonk, New York 10504
                                        (914) 749-8200

                                        George T. Frampton, Jr.
                                        Amy Neuhardt
                                        Philip M. Bowman
                                        575 Lexington Avenue, 7th Floor
                                        New York, New York 10022
                                        (212) 446-2300

                                        *Counsel for Wachovia Corporation*


                                        FRIEDMAN KAPLAN SEILER &
                                        ADELMAN LLP

                                        _Andrew Schilling_____
                                        Eric Seiler
                                        Andrew W. Schilling
                                        1633 Broadway
                                        New York, New York 10019
                                        (212) 833-1100

                                        *Counsel for Wells Fargo & Co.*

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

CITIGROUP INC.,

                         Plaintiff,

              - against -

WACHOVIA CORPORATION, WELLS FARGO &
CO., JOHN D. BAKER, II, PETER C. BROWNING,
JOHN T. CASTEEN, III, JERRY GITT, WILLIAM H.
GOODWIN, JR., MARYELLEN C. HERRINGER,
ROBERT A. INGRAM, DONALD M. JAMES,
MACKEY J. MCDONALD, JOSEPH NEUBAUER,
TIMOTHY D. PROCTOR, ERNEST S. RADY, VAN L.
RICHEY, RUTH G. SHAW, LANTY L. SMITH, DONA
DAVIS YOUNG, JOHN S. CHEN, LLOYD H. DEAN,
SUSAN E. ENGEL, ENRIQUE HERNANDEZ, JR.,
RICHARD M. KOVACEVICH, RICHARD D.
MCCORMICK, CYNTHIA H. MILLIGAN,
NICHOLAS G. MOORE, PHILIP J. QUIGLEY,
DONALD B. RICE, JUDITH M. RUNSTAD,
STEPHEN W. SANGER, ROBERT K. STEEL, JOHN
G. STUMPF, SUSAN G. SWENSON, MICHAEL W.
WRIGHT, and JOHN DOES 1-99,

                       Defendants.

-------------------------------------------------------------------x

Index No. _____

Date Summons Filed:
October ___, 2008

Plaintiff designates New York
County as the place of trial.

*Venue is based upon* contract
and defendants' residence in this
County (CPLR  503(a) and (c))

08602874

**SUMMONS**

*To the above named Defendants:*

Wachovia Corporation
    One Wachovia Center
    Charlotte, North Carolina  28288

    Robert K. Steel,
    John D. Baker, II,
    Peter C. Browning,
    John T. Casteen, III,
    Jerry Gitt,
    William H. Goodwin, Jr.,
    Maryellen C. Herringer,
    Robert A. Ingram,
    Donald M. James



       Mackey J. Mcdonald,
       Joseph Neubauer,
       Timothy D. Proctor,
       Ernest S. Rady,
       Van L. Richey,
       Ruth G. Shaw,
       Lanty L. Smith,
       Dona Davis Young

Wells Fargo & Company
       420 Montgomery Street
       San Francisco, California 94163

       John S. Chen,
       Lloyd H. Dean,
       Susan E. Engel,
       Enrique Hernandez, Jr.,
       Richard M. Kovacevich,
       Richard D. McCormick,
       Cynthia H. Milligan,
       Nicholas G. Moore,
       Philip J. Quigley,
       Donald B. Rice,
       Judith M. Runstad,
       Stephen W. Sanger,
       John G. Stumpf,
       Susan G. Swenson,
       Michael W. Wright

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        October 6, 2008

GREGORY P. JOSEPH LAW OFFICES LLC

By:       

        Gregory P. Joseph
        Pamela Jarvis
        Douglas J. Pepe
        Jeffrey H. Zaiger
        Rachel M. Cherington
        485 Lexington Avenue, 30th Floor
        New York, New York  10017
        (212) 407-1200

        *Attorneys for Plaintiff Citigroup*

617520

3

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| CITIGROUP INC., | **VERIFIED COMPLAINT** |
| Plaintiff, | Index No. |
| v. | |
| WACHOVIA CORPORATION, WELLS FARGO & CO., JOHN D. BAKER, II, PETER C. BROWNING, JOHN T. CASTEEN, III, JERRY GITT, WILLIAM H. GOODWIN, JR., MARYELLEN C. HERRINGER, ROBERT A. INGRAM, DONALD M. JAMES, MACKEY J. MCDONALD, JOSEPH NEUBAUER, TIMOTHY D. PROCTOR, ERNEST S. RADY, VAN L. RICHEY, RUTH G. SHAW, LANTY L. SMITH, DONA DAVIS YOUNG, JOHN S. CHEN, LLOYD H. DEAN, SUSAN E. ENGEL, ENRIQUE HERNANDEZ, JR., RICHARD M. KOVACEVICH, RICHARD D. MCCORMICK, CYNTHIA H. MILLIGAN, NICHOLAS G. MOORE, PHILIP J. QUIGLEY, DONALD B. RICE, JUDITH M. RUNSTAD, STEPHEN W. SANGER, ROBERT K. STEEL, JOHN G. STUMPF, SUSAN G. SWENSON, MICHAEL W. WRIGHT, and JOHN DOES 1-99 | 08602874 |
| Defendants. | |



Plaintiff Citigroup Inc. ("Citigroup"), by its attorneys Gregory P. Joseph

Law Offices LLC, Michael S. Helfer and P.J. Mode, Jr., for its Complaint against

defendants Wachovia Corporation ("Wachovia"), Wells Fargo & Co. ("Wells Fargo"),

John D. Baker, II ("Baker"), Peter C. Browning ("Browning"), John L. Casteen, III

("Casteen"), Jerry Gitt ("Gitt"), William H. Goodwin, Jr. ("Goodwin"), Maryellen C.

Herringer ("Herringer"), Robert A. Ingram ("Ingram"), Donald M. James ("James"),

Mackey J. McDonald ("McDonald"), Joseph Neubauer ("Neubauer"), Timothy D. Proctor ("Proctor"), Ernest S. Rady ("Rady"), Van L. Richey ("Richey"), Ruth G. Shaw ("Shaw"), Lanty L. Smith ("Smith"), Dona Davis Young ("Young"), John S. Chen ("Chen"), Lloyd H. Dean ("Dean"), Susan E. Engel ("Engel"), Enrique Hernandez, Jr. ("Hernandez"), Richard M. Kovacevich ("Kovacevich"), Richard D. McCormick ("McCormick"), Cynthia H. Milligan ("Milligan"), Nicholas G. Moore ("Moore"), Philip J. Quigley ("Quigley"), Donald B. Rice ("Rice"), Judith M. Runstad ("Runstad"), Stephen W. Sanger ("Sanger"), Robert K. Steel ("Steel"), John G. Stumpf ("Stumpf"), Susan G. Swenson ("Swenson"), Michael W. Wright ("Wright"), and John Does 1-99 (the "Doe Defendants") alleges on personal knowledge as to the plaintiff's own conduct and on information and belief as to the defendants' conduct, as follows:

## Nature of the Action

1.      This is an action for bad faith breach of contract, tortious interference with contract, and a violation of Section 126(c) of the Emergency Economic Stabilization Act of 2008.

2.      In late September 2008, Wachovia Corporation ("Wachovia") was on the verge of collapse, burdened by bad loans and caught up in a liquidity crisis that threatened its very survival.

3.      Well Fargo once had been a potential suitor for Wachovia in connection with a process for the rescue of Wachovia orchestrated by the Federal Deposit Insurance Corporation ("FDIC"), the Office of the Comptroller of the Currency ("OCC"), the Board of Governors of the Federal Reserve System (the "Federal Reserve"), and the

Federal Reserve Bank of New York ("FRBNY"). By Sunday, September 28, 2008, Wells Fargo had determined not to participate in the process of rescuing Wachovia.

4. By approximately 4 a.m. on Monday, September 29, 2008, after intensive negotiations, and in order to avoid the imminent possibility that all of Wachovia's insured depository institution subsidiaries would be closed and put into FDIC receivership, Citigroup and Wachovia reached an agreement-in-principle. Pursuant to that agreement, Citigroup would acquire Wachovia's commercial banking subsidiaries and other businesses for approximately $2.1 billion plus the assumption of approximately $54 billion of secured and unsecured Wachovia debt at the holding company level, and the insured and uninsured deposits and other obligations to Wachovia's creditors.

5. In order to induce Citigroup and Wachovia to enter into the agreement-in-principle and to avoid the imminent possibility that all of Wachovia's insured depository institution subsidiaries would be closed and put into FDIC receivership, the FDIC agreed to provide open bank assistance to support the transaction, pursuant to Section 13 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1823, after the FDIC, the Federal Reserve and the Secretary of the Treasury, in consultation with the President of the United States, invoked the "systemic risk" provision of the FDIA.

6. Had Citigroup not stepped up in this way, Wachovia would have failed the following day and the debt issued by its holding company would have collapsed, with potentially devastating implications for the stability and security of the financial markets.

3

7.     At approximately 7:30 a.m., on September 29, 2008, before the parties themselves had issued press releases, the FDIC announced its support for the transaction and sought to reassure Wachovia customers that their deposits were fully protected.

8.     On September 29, 2008, Citigroup and Wachovia also entered into a binding agreement (the "Exclusivity Agreement"), pursuant to which Wachovia agreed not to negotiate or enter into any competing acquisition agreement during the exclusivity period, which extended until October 6, 2008. *See* Exhibit A. The Exclusivity Agreement expressly contemplated that Citigroup and Wachovia would negotiate definitive deal documents during this period.

9.     In particular, pursuant to the Exclusivity Agreement, Wachovia is contractually forbidden, among other things, (i) to "enter into or participate in any discussions or negotiations with, furnish any information relating to Wachovia . . . [or] otherwise cooperate in any way with, or knowingly assist, participate in, facilitate or encourage any effort by, any third party that is seeking to make, or has made, an Acquisition Proposal"; or (ii) to "enter into any agreement in principle, letter of intent, term sheet, merger agreement, acquisition agreement, option agreement or other similar instrument relating to an Acquisition Proposal."

10.    The Exclusivity Agreement defines "Acquisition Proposal" broadly to include "any acquisition or purchase, direct or indirect" of 15% or more of the consolidated assets or of any class of equity or voting securities of Wachovia; any merger, consolidation, business combination or similar transaction involving Wachovia; or any other transaction "the consummation of which could reasonably be expected to

4

impede, interfere with, prevent or materially delay the [Citigroup/Wachovia] Transaction or that could reasonably be expected to dilute materially the benefits to Citigroup of the Transaction."

11.     The Exclusivity Agreement further provides that the parties would be irreparably harmed by any breach of the Exclusivity Agreement, and that each party agrees "that the remedy of specific performance of [the Exclusivity Agreement] is appropriate in any action in court, in addition to any other remedy to which such party may be entitled."

12.     Early in the morning on Thursday, October 2, 2008, the principals of Citigroup and Wachovia met and reached high-level agreement on all remaining issues. At that meeting, Citigroup and Wachovia further agreed that these points would be quickly documented and that final documents would be executed before the close of business on the following day.

13.     Following this meeting, teams of lawyers worked through the day and night on Thursday to finalize the definitive deal documents. Their work had nearly been completed by early Friday morning.

14.     According to press reports, and unknown to Citigroup, at approximately 7:30 p.m. on Thursday, October 2, 2008, unnamed "federal regulators" advised Wachovia to expect an acquisition proposal from Wells Fargo.

15.     Wachovia did not disclose to Citigroup that it expected to receive a competing offer from Wells Fargo, but instead Wachovia and its lawyers continued to participate in discussions with Citigroup to document their agreement until approximately 2 a.m. on Friday, October 3, 2008.

16.     At approximately 2:15 a.m. on Friday, October 3, 2008, Wachovia's Chief Executive Officer, Robert Steel, advised Citigroup that Wachovia had entered into an acquisition agreement with Wells Fargo, at which point Wachovia refused to participate in further discussions with Citigroup.

17.     At approximately 7:15 a.m. on October 3, 2008, Wachovia issued a press release announcing that Wachovia and Wells Fargo had "signed a definitive agreement for the merger of the two companies." This agreement and the negotiations that preceded it flagrantly violate the express language of the Exclusivity Agreement. *See* Exhibit B.

18.     Among the differences, the illegitimate Wells Fargo deal—unlike the Citigroup agreement to acquire Wachovia's commercial banking subsidiaries and other businesses—triggered the golden parachutes of Wachovia CEO Robert Steel and its other senior executives, which would enable these executives to bestow upon themselves a $225 million windfall.

19.     During this period, numerous officers and directors of Wachovia and Wells Fargo, and numerous of their legal and other advisors, known and unknown, acted knowingly and deceptively in furtherance of a plan to violate and interfere with Citigroup's rights under the binding Exclusivity Agreement.

## The Parties

20.     Plaintiff Citigroup is a corporation organized under the laws of Delaware with its principal place of business at 399 Park Avenue, New York, New York.

21.     On information and belief, Defendant Wachovia is a corporation

6

organized under the laws of North Carolina with its principal place of business at One Wachovia Center, Charlotte, North Carolina.

22.    On information and belief, Defendant Wells Fargo is a corporation organized under the laws of Delaware with its principal place of business in at 420 Montgomery Street, San Francisco, California.

23.    On information and belief, Defendant Baker is a member of the Board of Directors of Wachovia and resides in Jacksonville, Florida.

24.    On information and belief, Defendant Browning is a member of the Board of Directors of Wachovia and resides in Charlotte, North Carolina.

25.    On information and belief, Defendant Casteen is a member of the Board of Directors of Wachovia and resides in Charlottesville, Virginia.

26.    On information and belief, Defendant Jerry Gitt is a member of the Board of Directors of Wachovia and resides in Palm Desert, California.

27.    On information and belief, Defendant Goodwin is a member of the Board of Directors of Wachovia and resides in Richmond, Virginia.

28.    On information and belief, Defendant Herringer is a member of the Board of Directors of Wachovia and resides in Piedmont, California.

29.    On information and belief, Defendant Ingram is a member of the Board of Directors of Wachovia and resides in Durham, North Carolina.

30.    On information and belief, Defendant James is a member of the Board of Directors of Wachovia and resides in Birmingham, Alabama.

31.    On information and belief, Defendant McDonald is a member of the Board of Directors of Wachovia and resides in Greensboro, North Carolina.

32.     On information and belief, Defendant Neubauer is a member of the Board of Directors of Wachovia and resides in Philadelphia, Pennsylvania.

33.     On information and belief, Defendant Proctor is a member of the Board of Directors of Wachovia and resides in New York, New York.

34.     On information and belief, Defendant Rady is a member of the Board of Directors of Wachovia and resides in La Jolla, California.

35.     On information and belief, Defendant Richey is a member of the Board of Directors of Wachovia and resides in Birmingham, Alabama.

36.     On information and belief, Defendant Shaw is a member of the Board of Directors of Wachovia and resides in Davidson, North Carolina.

37.     On information and belief, Defendant Smith is the Chairman of the Board of Directors of Wachovia and resides in Raleigh, North Carolina.

38.     On information and belief, Defendant Steel is the Chief Executive Officer and a member of the Board of Directors of Wachovia and resides in Greenwich, Connecticut.

39.     On information and belief, Defendant Young is a member of the Board of Directors of Wachovia and resides in Hartford, Connecticut.

40.     Defendants Baker, Browning, Casteen, Gitt, Goodwin, Herringer, Ingram, James, McDonald, Neubauer, Proctor, Rady, Richey, Shaw, Smith, Steel, and Young are collectively referred to as the "Wachovia Director Defendants."

41.     On information and belief, Defendant Chen is a member of the Board of Directors of Wells Fargo and resides in Danville, California.

42.   On information and belief, Defendant Dean is a member of the Board of Directors of Wells Fargo and resides in Half Moon Bay, California.

43.   On information and belief, Defendant Engel is a member of the Board of Directors of Wells Fargo and resides in Minneapolis, Minnesota.

44.   On information and belief, Defendant Hernandez is a member of the Board of Directors of Wells Fargo and resides in Pasadena, California.

45.   On information and belief, Defendant Kovacevich is the Chairman of the Board of Directors of Wells Fargo and resides in San Francisco, California.

46.   On information and belief, Defendant McCormick is a member of the Board of Directors of Wells Fargo and resides in Denver, Colorado.

47.   On information and belief, Defendant Milligan is a member of the Board of Directors of Wells Fargo and resides in Lincoln, Nebraska.

48.   On information and belief, Defendant Moore is a member of the Board of Directors of Wells Fargo and resides in Los Altos Hills, California.

49.   On information and belief, Defendant Quigley is a member of the Board of Directors of Wells Fargo and resides in Burlingame, California.

50.   On information and belief, Defendant Rice is a member of the Board of Directors of Wells Fargo and resides in Los Angeles, California.

51.   On information and belief, Defendant Runstad is a member of the Board of Directors of Wells Fargo and resides in Seattle, Washington.

52.   On information and belief, Defendant Sanger is a member of the Board of Directors of Wells Fargo and resides in Wayzata, Minnesota.

53.     On information and belief, Defendant Stumpf is President and Chief Executive Officer of Wells Fargo as well as a member of the Board of Directors of Wells Fargo and resides in San Francisco, California.

54.     On information and belief, Defendant Swenson is a member of the Board of Directors of Wells Fargo and resides in Irvine, California.

55.     On information and belief, Defendant Wright is a member of the Board of Directors of Wells Fargo and resides in Wayzata, Minnesota.

56.     Defendants Chen, Dean, Engel, Hernandez, Kovacevich, McCormick, Milligan, Moore, Quigley, Rice, Runstad, Sanger, Stumpf, Swenson, and Wright are collectively referred to as the "Wells Fargo Director Defendants."

57.     On information and belief, the Doe Defendants are individuals and legal entities that participated in the flagrant violation of the Exclusivity Agreement, committed tortious interference with contract, and violated Section 126(c) of the Emergency Economic Stabilization Act of 2008.

## Jurisdiction

58.     Pursuant to the Exclusivity Agreement, Defendant Wachovia has "irrevocably and unconditionally submit[ted] to the exclusive jurisdiction of any state or federal court sitting in New York City, Borough of Manhattan, over any suit, action or proceeding arising out of or relating to this letter agreement." Moreover, long-arm jurisdiction is appropriate over Defendant Wachovia under § 302 of the New York Civil Practice Law and Rules ("CPLR"), as this entity (i) transacts business in this State, and/or (ii) committed tortious acts within the State, and/or (iii) committed tortious acts outside of this State causing injury to plaintiff in this State, and (a) regularly does or solicits

10

business or derives substantial revenue from services rendered within this State, or (b) expects or should reasonably expect the act to have consequences in the State and derives substantial revenue from interstate or international commerce.

59.     Long-arm jurisdiction is appropriate over Defendant Wells Fargo under § 302 of the CPLR, as this entity (i) transacts business in this State, and/or (ii) committed tortious acts within the State, and/or (iii) committed tortious acts outside of this State causing injury to plaintiff in this State, and (a) regularly does or solicits business or derives substantial revenue from services rendered within this State, or (b) expects or should reasonably expect the act to have consequences in the State and derives substantial revenue from interstate or international commerce.

60.     Jurisdiction is appropriate as to each of the individual defendants as they either reside in this State or are subject to long-arm jurisdiction under § 302 of the CPLR.

## Venue

61.     Pursuant to CPLR § 503(a) and (c), venue is proper in New York County because plaintiff Citigroup's principal office is located in this County.

62.     In addition, pursuant to the Exclusivity Agreement, Defendant Wachovia "irrevocably and unconditionally waive[d] any objection to the laying of venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum."

### FIRST CAUSE OF ACTION
### (Against Defendant Wachovia)
### Breach of Contract

63.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62 above, as if fully set forth here.

64.     On September 29, 2008, Defendant Wachovia entered into a binding contract with Citigroup, pursuant to which it unconditionally agreed not to negotiate or enter into any competing acquisition agreement with any other entity during the exclusivity period, which extended until October 6, 2008.

65.     By negotiating with and entering into an acquisition agreement with Defendant Wells Fargo, Wachovia breached the terms of its Exclusivity Agreement with Citigroup.

66.     Wachovia's breach of its contractual obligations has caused substantial damages to Citigroup, and threatens to cause enormous additional damages in the future. The amount of such damages shall be determined at trial.

67.     As Wachovia acknowledged in the Exclusivity Agreement, "in the event of any breach of this letter agreement, the parties would be irreparably harmed and could not be made whole by monetary damages. Each party accordingly agrees (i) not to assert by way of defense or otherwise that a remedy at law would be adequate and (ii) that the remedy of specific performance of this letter agreement is appropriate in any action in court, in addition to any other remedy to which such party may be entitled."

68.     Citigroup is confident that the few remaining open issues between the parties can be resolved promptly in good faith negotiations and is prepared to go well

beyond the halfway mark if necessary to consummate the transaction agreed to by the parties.

69.     Absent immediate relief by the Court, Citigroup will be deprived of its bargained for opportunity to negotiate pursuant to the Exclusivity Agreement and will be irreparably harmed when deprived of the opportunity to acquire the Wachovia assets as provided for by the Exclusivity Agreement.

70.     Citigroup is entitled to (i) specific performance of the terms of the Exclusivity Agreement, including an injunction requiring Wachovia to negotiate with Citigroup in good faith to resolve the few remaining open issues, (ii) an injunction preventing Wachovia from entering into or consummating any acquisition transaction with Wells Fargo, (iii) an injunction preventing Wachovia from further violating its obligations under the Exclusivity Agreement, and (iv) an injunction preventing Wachovia from engaging in further negotiations with Wells Fargo.

## SECOND CAUSE OF ACTION
### (Against Defendant Wells Fargo, the Wachovia Director Defendants, the Wells Fargo Director Defendants, and the John Doe Defendants)
### Tortious Interference with Contract

71.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 70 above, as if fully set forth here.

72.     The Exclusivity Agreement is a valid and binding contract between Citigroup and Wachovia.

73.     On information and belief, defendant Wells Fargo, the Wachovia Director Defendants, the Wells Fargo Director Defendants and the Doe Defendants were fully aware at all times of the existence and terms of the Exclusivity Agreement, and

13

were further fully aware that the Exclusivity Agreement precluded Wachovia from negotiating or entering into an acquisition agreement with any other party during the exclusivity period, which extends until October 6, 2008. Wells Fargo, the Wachovia Director Defendants, the Wells Fargo Director Defendants and the Doe Defendants were thus aware that the October 3, 2008 agreement, the negotiations that preceded it, and any steps taken to consummate it were violating Wachovia's contractual duties to Citigroup.

74.     Defendant Wells Fargo, the Wachovia Director Defendants, the Wells Fargo Director Defendants, and the Doe Defendants intentionally and without justification procured Wachovia's breach of the Exclusivity Agreement.

75.     Wachovia breached the Exclusivity Agreement by, among other things, negotiating and entering into its October 3, 2008 purported agreement with Wells Fargo and taking steps to consummate that agreement.

76.     Citigroup has been damaged by Wachovia's breach of the Exclusivity Agreement in an amount to be determined at trial, but not less than $20 billion.

77.     Accordingly, the participation of Well Fargo, the Wachovia Director Defendants, the Wells Fargo Director Defendants, and the Doe Defendants in the wrongful scheme to violate Citigroup's rights constitutes tortious interference with Citigroup's Exclusivity Agreement with Wachovia.

### THIRD CAUSE OF ACTION
#### (Against Defendants Wachovia and Wells Fargo)
#### Violation of EESA § 126

78.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 77 above, as if fully set forth here.

14

79.     The October 3, 2008 agreement between Wells Fargo and Wachovia is invalid and unenforceable under Section 126(c) of the Emergency Economic Stabilization Act of 2008 ("EESA") because it would affect, restrict or limit Citigroup's ability to acquire Wachovia's insured bank subsidiaries in connection with the FDIC's exercise of its authority under Section 13 of the FDIA to provide open bank assistance in support of Citigroup's proposed acquisition of Wachovia's insured depository institution subsidiaries.

80.     Citigroup is therefore entitled to a judgment invalidating the proposed agreement between Wells Fargo and Wachovia as contrary to EESA § 126(c).

WHEREFORE, plaintiff Citigroup respectfully requests judgment against the Defendants, as follows:

(a)     Preliminary and permanent injunctive relief enjoining Defendants, their subsidiaries and affiliates, agents, and any other persons working on their behalf or in concert with them, from (i) negotiating, entering into, or consummating any transaction involving any acquisition of or merger with Wachovia; (ii) engaging in any other conduct in furtherance of any such transaction; or (iii) any other conduct prohibited by the Exclusivity Agreement;

(b)     Specific performance of the terms of the Exclusivity Agreement requiring Wachovia to negotiate in good faith with Citigroup as follows: (i) Wachovia and Citigroup shall reconvene in New York beginning no later than 12 p.m. on Sunday, October 5, 2008; and (ii) Wachovia and Citigroup shall continue such negotiations until at least 12 p.m. on Wednesday, October 8, 2008 (unless a definitive and binding agreement between Citigroup and Wachovia is executed prior to that time);

15

(e)    Punitive damages in an amount not less than $40 billion;

(f)    The costs of this action, including reasonable attorneys' fees; and

(g)    Any other relief as the Court may consider just.

Dated: New York, New York
       October 4, 2008

GREGORY P. JOSEPH LAW OFFICES LLC

By: _S/ Gregory P. Joseph_
           Gregory P. Joseph
485 Lexington Avenue, 30th Floor
New York, New York 10017
(212) 407-1210

By:_____
           Michael S. Helfer
           P.J. Mode, Jr.
Citigroup Inc.
399 Park Avenue
New York, New York 10043
(212) 559-5152

Attorneys for Plaintiff Citigroup Inc.

16

## VERIFICATION

State of New York    )
                  : ss.:
County of New York  )

       MICHAEL S. HELFER, being duly sworn, deposes and says:

       I am General Counsel of plaintiff CITIGROUP INC., a corporation incorporated under the laws of the Delaware.  I have read the foregoing complaint and know its contents.  The complaint is true to my knowledge, except as to matters alleged on information and belief, and as to those matters, I believe it to be true.

                                 /s/
                                 Michael S. Helfer

Sworn to before me
this 4th day of October, 2008

       /s/
      Notary Public

[CONFORMED COPY]

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

CITIGROUP INC.,

             Plaintiff,

             v.

WACHOVIA CORPORATION, WELLS
FARGO & CO., ROBERT STEEL, JOHN
D. BAKER, II, PETER C. BROWNING,
JOHN T. CASTEEN, III, JERRY GITT,
WILLIAM H. GOODWIN, JR.,
MARYELLEN C. HERRINGER,
ROBERT A. INGRAM, DONALD M.
JAMES, MACKEY J. MCDONALD,
JOSEPH NEUBAUER, TIMOTHY D.
PROCTOR, ERNEST S. RADY, VAN L.
RICHEY, RUTH G. SHAW, LANTY L.
SMITH, DONA DAVIS YOUNG, JOHN
S. CHEN, LLOYD H. DEAN, SUSAN E.
ENGEL, ENRIQUE HERNANDEZ, JR.,
RICHARD M. KOVACEVICH,
RICHARD D. MCCORMICK, CYNTHIA
H. MILLIGAN, NICHOLAS G. MOORE,
PHILIP J. QUIGLEY, DONALD B. RICE,
JUDITH M. RUNSTAD, STEPHEN W.
SANGER, JOHN G. STUMPF, SUSAN G.
SWENSON, MICHAEL W. WRIGHT, and
JOHN DOES 1-99

             Defendants.

Index No.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY**

GREGORY P. JOSEPH LAW OFFICES
LLC
485 Lexington Avenue, 30th Floor
New York, New York 10017
(212) 407-1200

*Attorneys for Citigroup, Inc.*

[CONFORMED COPY]

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ........................................................................... 1

    The Factual Background ............................................................................. 1

    Injunctive Relief Is Appropriate ............................................................... 2

STATEMENT OF FACTS ................................................................................... 3

ARGUMENT ......................................................................................................... 3

I.     CITIGROUP IS ENTITLED TO INJUNCTIVE RELIEF ............................. 3

    A.    Citigroup Has Demonstrated A Likelihood of Success on the Merits ........ 4

            Wachovia Is In Breach of the Exclusivity Agreement ............................... 4

    B.    Citigroup Will Be Irreparably Harmed Without Injunctive Relief ............. 5

    C.    The Balance of the Equities Overwhelmingly Favors Citigroup ................ 5

II.    AN ORDER FOR EXPEDITED DISCOVERY IS NEEDED TO AVOID
     FURTHER HARM TO CITIGROUP .............................................................. 5

CONCLUSION ...................................................................................................... 6

[CONFORMED COPY]

Plaintiff Citigroup, Inc. ("Citigroup") respectfully submits this Memorandum of Law in support of its motion for an order, pursuant to Section 6301 *et seq.* of the Civil Practice Law and Rules of the State of New York ("CPLR"), temporarily restraining and preliminarily enjoining Defendant Wachovia Corporation ("Wachovia"), its subsidiaries and affiliates, agents, and any persons working on their behalf or in concert with them, from (i) negotiating, entering into, or consummating any transaction involving any acquisition of, or merger with, Wachovia; (ii) engaging in any other conduct in furtherance of any such transaction; or (iii) any other conduct prohibited by the Exclusivity Agreement. Citigroup has alleged that Defendant Wachovia is in material breach of the terms of the Exclusivity Agreement it entered into with Citigroup in connection with Citigroup's agreement to purchase the banking operations of Wachovia and that Defendant Wells Fargo & Co. ("Wells Fargo"), with full knowledge of Citigroup's agreement with Wachovia, has tortiously interfered with that agreement. Citigroup also moves for expedited discovery.

## PRELIMINARY STATEMENT

### The Factual Background

On September 29, 2008 Citigroup and Wachovia signed a term sheet for a proposed transaction by which Citigroup would buy the banking operations of Wachovia for approximately $2.1 billion plus the assumption of approximately $180 billion of secured and unsecured Wachovia debt. On that date, Citigroup and Wachovia also entered into a binding exclusivity agreement (the "Exlusivity Agreement").

Under the Exclusivity Agreement, Wachovia is and was expressly forbidden from, among other things, entering into any negotiations or agreements concerning the

acquisition of Wachovia or its assets with anyone other than Citigroup until October 6, 2008. Evidencing a direct violation of Citigroup's contractual rights, however, at approximately 3:00 a.m. on October 3, 2008, Wachovia's Chief Executive Officer, Robert Steel, and its counsel, Rodign Cohen of Sullivan & Cromwell, advised Citigroup that it had entered into a competing acquisition agreement with Wells Fargo. The negotiation, execution or consummation of any transaction between Wachovia and Wells Fargo constitutes a clear breach of the Exclusivity Agreement by Wachovia.

The Exclusivity Agreement contains an acknowledgment by the parties that the parties would be irreparably harmed by any breach of its terms, and each party agreed that the remedy of specific performance is appropriate in any action in court, in addition to any other remedy by which such party may be entitled.

### Injunctive Relief Is Appropriate

Citigroup satisfies the three prerequisites for obtaining a preliminary injunction. First, Citigroup can demonstrate a likelihood of success on the merits of its claims. The negotiation, execution or consummation of a any transaction with Wells Fargo is a clear violation of the terms of the Exclusivity Agreement. Further, Wells Fargo's participation with Wachovia in the scheme to violate Citigroup's Exclusivity Agreement with Wachovia constitutes tortious interference.

Second, Citigroup will be irreparably harmed in the absence of a preliminary injunction. The assets Citigroup was to acquire from Wachovia cannot be purchased at any price elsewhere in the market and Citigroup's opportunity to acquire those assets will be forever lost if the Wells Fargo transaction is not restrained and enjoined.

2

Third, the balance of equities overwhelmingly favors Citigroup and its request for a preliminary injunction. Citigroup should have an opportunity to prove its claims before it is too late. Furthermore, Defendants are not injured by any delay required to resolve this dispute. In addition, there is no justification in equity to reward Wachovia for its knowing violation of Citigroup's contractual rights.

Accordingly, the Court should grant Citigroup's motion for a preliminary injunction, and, for the same reasons, should grant its motion for a temporary restraining order until it can be heard. Additionally, in order to achieve a prompt resolution of this matter, the Court should grant Citigroup's motion for expedited discovery so that the precise facts regarding Wachovia's and Wells Fargo's violation of the terms of the Exclusivity Agreement can be explored as quickly as possible to ensure a speedy resolution of this dispute.

## STATEMENT OF FACTS

Rather than repeating them here, Citigroup refers to the facts set forth in the Emergency Affirmation of Gregory P. Joseph, dated October 3, 2008 ("Joseph Aff."), and incorporate them here as if fully set forth herein.

## ARGUMENT

## I.    CITIGROUP IS ENTITLED TO INJUNCTIVE RELIEF

It is well-established that a temporary restraining order and a preliminary injunction should be issued where a party can demonstrate (a) a likelihood of success on the merits, (b) irreparable harm, and (c) a balancing of the equities in its favor. *Pantel v. Workmen's Circle*, 289 A.D.2d 917, 918, 735 N.Y.S.2d 228, 231 (3d Dep't 2001); *In re*

3

*AEP Res. Servs. Co.*, 179 Misc. 2d 639, 650, 686 N.Y.S.2d 664, 670 (Sup. Ct. N.Y. Cty. 1999). All three factors support granting Citigroup injunctive relief.

A.    Citigroup Has Demonstrated A Likelihood of Success on the Merits
      Wachovia Is In Breach of the Exclusivity Agreement

The Exclusivity Agreement provides that Wachovia is expressly forbidden from, among other things, (i) "enter[ing] into or participate in any discussions or negotiations with, furnish any information relating to Wachovia …[or] otherwise cooperate in any way with, or knowingly assist, participate in, facilitate, or encourage any effort by, any third party that is seeking to make, or has made, an Acquisition Proposal"; or (ii) "enter[ing] into any agreement in principal, letter of intent, term sheet, merger agreement, acquisition agreement, option agreement or other similar instrument relating to an Acquisition Proposal." (Joseph Aff. ¶7) The Exclusivity Agreement defines "Acquisition Proposal" broadly to include "any acquisition or purchase, direct or indirect" of 15% or more of the consolidated assets or any class of equity or voting securities of Wachovia; any merger, consolidation, business combination or similar transaction involving Wachovia; or any other transaction "the consummation which could reasonably be expected to impede, interfere with, prevent or materially delay the Citigroup/Wachovia transaction or that could reasonably be expected to dilute materially the benefits to Citigroup of the transaction." (Id. ¶ 8.)

Wachovia's negotiation, and apparent execution of, an agreement with Wells Fargo is a clear violation of the terms of the Exclusivity Agreement.

B.    <u>Citigroup Will Be Irreparably Harmed Without Injunctive Relief</u>

As set forth above, and as acknowledged by Wachovia in the Exclusivity Agreement, Citigroup will be immediately and irreparably harmed without injunctive relief. The assets Citigroup was to acquire from Wachovia cannot be purchased at any price elsewhere in the market. Without injunctive relief, Citibank will forever lose this unique opportunity to acquire those assets.

C.    <u>The Balance of the Equities Overwhelmingly Favors Citigroup</u>

Temporarily restraining the Defendants from proceeding further with any negotiations or the consummation of any agreement will not cause any harm to the Defendants. Indeed, Defendants had no right to enter into negotiations or agreements prior to October 6, 2008. Wachovia cannot be rewarded for its violation of Citigroup's contractual rights.

**II.    AN ORDER FOR EXPEDITED DISCOVERY IS NEEDED TO AVOID FURTHER HARM TO CITIGROUP**

A prompt resolution of this matter is required for the benefit of all parties. It is likely that all parties will seek the most expedited resolution to this matter as possible, for which expedited discovery is a necessary prerequisite. Accordingly, expedited discovery into Defendants' negotiation and execution of an agreement in violation of the terms of the Exclusivity Agreement is appropriate here.

## CONCLUSION

For the reasons set forth above, Plaintiff Citigroup respectfully requests that this Court grant the relief requested in the accompanying Order To Show Cause, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 3, 2008

GREGORY P. JOSEPH LAW OFFICES LLC

By: /s/
       Gregory P. Joseph

Douglas J. Pepe
Pamela Jarvis
*Of Counsel*

485 Lexington Avenue, 30th Floor
New York, New York 10017
(212) 407-1200

*Attorneys for Citigroup, Inc.*

6

At Commercial Division Part ___ of the
Supreme Court of the State of New York,
County of New York, held at the
Courthouse located at 60 Centre Street on
the _94th_ day of October, 2008.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| CITIGROUP INC., <br><br>            Plaintiff, <br><br>        v. <br><br> WACHOVIA CORPORATION, WELLS FARGO & CO., JOHN D. BAKER, II, PETER C. BROWNING, JOHN T. CASTEEN, III, JERRY GITT, WILLIAM H. GOODWIN, JR., MARYELLEN C. HERRINGER, ROBERT A. INGRAM, DONALD M. JAMES, MACKEY J. MCDONALD, JOSEPH NEUBAUER, TIMOTHY D. PROCTOR, ERNEST S. RADY, VAN L. RICHEY, RUTH G. SHAW, LANTY L. SMITH, DONA DAVIS YOUNG, JOHN S. CHEN, LLOYD H. DEAN, SUSAN E. ENGEL, ENRIQUE HERNANDEZ, JR., RICHARD M. KOVACEVICH, RICHARD D. MCCORMICK, CYNTHIA H. MILLIGAN, NICHOLAS G. MOORE, PHILIP J. QUIGLEY, DONALD B. RICE, JUDITH M. RUNSTAD, STEPHEN W. SANGER, ROBERT K. STEEL, JOHN G. STUMPF, SUSAN G. SWENSON, MICHAEL W. WRIGHT, and JOHN DOES 1-99 <br><br>            Defendants. | **ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY** <br><br> Index No. |



FILED
COUNTY CLERK
NEW YORK COUNTY
OCT 06 2008
Unsigned Order to
Show Cause

       Upon the accompanying Verified Complaint and the exhibits annexed thereto, and the accompanying memorandum of law, it is hereby

ORDERED, that Defendants show cause before this Court at Commercial

Division Part __ thereof, in Room ___, 60 Centre Street, New York, New York, on the

____ day of _Oct_, 2008, at _11_ a.m./p.m., or as soon thereafter as counsel may be

heard, why an order should not be entered pursuant to Section 6300 *et seq.* of the Civil

Practice Law and Rules of the State of New York ("CPLR") temporarily restraining and

preliminarily enjoining Wachovia, its subsidiaries and affiliates, agents, and any persons

working on their behalf or in concert with them, from (i) negotiating, entering into, or

consummating any transaction involving any acquisition of, or merger with, Wachovia;

(ii) engaging in any other conduct in furtherance of any such transaction; or (iii) any

other conduct prohibited by the Exclusivity Agreement; and granting Citigroup, Inc.

("Citigroup") such other and further relief as the Court may deem just and proper; and it

is further

*See next pg.*

ORDERED, that pending the hearing of this motion, Wachovia is

restrained and prohibited from negotiating, entering into, or consummating any

transaction involving any acquisition of, or merger with Wells Fargo; and it is further

ORDERED, that specific performance of the Exclusivity Agreement

requiring Wachovia to negotiate in good faith with Citigroup is GRANTED as follows:

(i) Wachovia and Citigroup shall reconvene in New York beginning no later than noon on

Sunday, October 5, 2008; and (ii) they shall continue such negotiations until at least noon

on Wednesday, October 8, 2008 (unless a definitive and binding agreement between

Citigroup and Wachovia is executed prior to that time).

ORDERED, that pursuant to CPLR Section 3102, Plaintiff Citigroup may

commence discovery at once, and may, in addition, upon five days' notice, through oral

2

examination and/or the production of documents and records, obtain disclosure with respect to Wachovia and Wells Fargo; and it is further

ORDERED, that service of this Order and the papers on which it is based be made on or before the _6th_ day of October 2008 by serving copies thereof on Defendants by hand delivery or by U.S. express mail overnight delivery to Defendants or their attorneys; and it is further

ORDERED that defendant serve any papers in opposition on Plaintiff's attorneys so as to be received on or before the close of business on the _8th_ day of October 2008.

ENTER:

_____
J.S.C.

9:40 pm

*Ordered, the Exclusivity Termination Date under the Exclusivity Agreement is tolled pending the hearing of this motion and further Order of this Court.

3

Exhibit H

Defendants-Appellants Wachovia Corporation (Wachovia) and Wells Fargo & Co. (Wells Fargo) seek an order vacating the order of Supreme Court (Charles Ramos, J.) providing that the exclusivity termination date under the exclusivity agreement between Wachovia and Citigroup, Inc. (Citigroup) is tolled pending the hearing of the motion of Citigroup.   The order before me is not the product of a motion made on notice (*see Sholes v Meagher,* 100 NY2d 333) and thus is reviewable under CPLR 5704(a) (*see Tepper v Lonschein,* 253 AD2d 435).  The application is granted, as I believe substantial questions have been raised regarding the authority of Justice Ramos to have issued the order while physically located outside the State of New York.  In addition, it appears that whether the order has any effect on the rights of the parties is far from clear, as Wachovia is not ordered to do or refrain from doing anything by the terms of the order. Thus, it also is not clear that the order, to the extent it is construed to grant injunctive relief, could prevent any injury, irreparable or otherwise.

Accordingly, the application is granted to the extent that the order purporting to toll the exclusivity termination date is hereby vacated.

James M. McGuire
Associate Justice

Dated: New York, New York
October 5, 2008

At Commercial Division Part _53_ of the
Supreme Court of the State of New York,
County of New York, held at the *350 Columni Bldg*
~~Courthouse located at 60 Centre Street~~ on
the 5th day of October, 2008.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| CITIGROUP INC.,<br><br>Plaintiff,<br><br>v.<br><br>WACHOVIA CORPORATION, WELLS FARGO & CO., JOHN D. BAKER, II, PETER C. BROWNING, JOHN T. CASTEEN, III, JERRY GITT, WILLIAM H. GOODWIN, JR., MARYELLEN C. HERRINGER, ROBERT A. INGRAM, DONALD M. JAMES, MACKEY J. MCDONALD, JOSEPH NEUBAUER, TIMOTHY D. PROCTOR, ERNEST S. RADY, VAN L. RICHEY, RUTH G. SHAW, LANTY L. SMITH, DONA DAVIS YOUNG, JOHN S. CHEN, LLOYD H. DEAN, SUSAN E. ENGEL, ENRIQUE HERNANDEZ, JR., RICHARD M. KOVACEVICH, RICHARD D. MCCORMICK, CYNTHIA H. MILLIGAN, NICHOLAS G. MOORE, PHILIP J. QUIGLEY, DONALD B. RICE, JUDITH M. RUNSTAD, STEPHEN W. SANGER, ROBERT K. STEEL, JOHN G. STUMPF, SUSAN G. SWENSON, MICHAEL W. WRIGHT, and JOHN DOES 1-99<br><br>Defendants. | ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY<br><br>Index No. |

Upon the accompanying Verified Complaint and the exhibits annexed

thereto, and the accompanying memorandum of law, it is hereby

ORDERED, that Defendants show cause before this Court at Commercial Division Part ___ thereof, in Room ___, 60 Centre Street, New York, New York, on the 10th day of October, 2008, at 11 a.m., or as soon thereafter as counsel may be heard, why an order should not be entered pursuant to Section 6300 *et seq.* of the Civil Practice Law and Rules of the State of New York ("CPLR") temporarily restraining and preliminarily enjoining Wachovia, its subsidiaries and affiliates, agents, and any persons working on their behalf or in concert with them, from (i) negotiating, entering into, or consummating any transaction involving any acquisition of, or merger with, Wachovia; (ii) engaging in any other conduct in furtherance of any such transaction; or (iii) any other conduct prohibited by the Exclusivity Agreement; and granting Citigroup, Inc. ("Citigroup") such other and further relief as the Court may deem just and proper; and it is further

ORDERED, that pending such hearing, in order to preserve the status quo ante, Wachovia shall not assert that the Exclusivity Period has expired; and Wachovia shall not take any action that would prevent the resumption of negotiations under the Exclusivity Agreement or the consummation of the Transaction as defined in the Exclusivity Agreement; and it further

ORDERED, that service of this Order and the papers on which it is based be made on or before the 6th day of October 2008 by serving copies thereof on Defendants by hand delivery or by U.S. express mail overnight delivery to Defendants or their attorneys; and it is further

ORDERED that defendant serve any papers in opposition on Plaintiff's attorneys so as to be received on or before the close of business on the 8th day of October 2008.

2

ENTER:

_____
                    J.S.C.          11/20/11

By consent of Citibank and Wachovia Wells Fargo, 12:20 AM
Ordered, that pepending such hearing, in order
to preserve the status quo, the ability of the Court
to order appropriate relief at the hearing is not
affected in any way by whether or not this Court's
Order of October 4 was properly vacated.